IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | 2:14-cr-00001 |
| v. | ) | |
| | ) | |
| RALPH CURRINGTON, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Ralph Currington moves the Court for a judgment of acquittal pursuant to Rule 29 and, in the alternative, for a new trial under Rule 33 (ECF No. 51, filed August 1, 2014). The Government opposes Currington's motions (ECF No. 52, filed August 13, 2014). The motions are now ripe for disposition. The Court will deny both motions.

Factual and Procedural Background

A grand jury charged Ralph Currington with three counts of knowingly and willfully making materially false, fictitious, and fraudulent statements and representations, in violation of 18 U.S.C. § 1001(a)(2). The charges arose out of his September 23, 2013, interview with Deputies of the United States Marshals Service at his workplace regarding the location of his brother, Frank Currington. A federal arrest warrant for Frank Currington was outstanding at the time. The Government alleged that Currington made three false statements during that interview: (1) that the last time the defendant had contact with his brother was approximately a month prior to the interview when Frank Currington called the defendant; (2) that the last time the defendant saw his brother in person was when the defendant visited his brother in North Carolina during the summer of 2012; and (3) that the defendant had no knowledge of his brother being in the Pittsburgh area since his brother had moved to North Carolina.

At trial, the Government presented the following evidence as to all three counts: testimony from two United States Deputy Marshals and a Facebook photograph, posted by Ralph Currington on or about September 15, 2013, which depicted Ralph Currington with his brother, Frank, and other acquaintances. The jury found Currington guilty as to all three counts.

Following the verdict, Currington orally moved for a judgment of acquittal. The Court permitted Currington to supplement his oral motion with a written submission, the substance of which has taken the form of a motion for a judgment of acquittal and a motion for a new trial. The motions turn on the question of whether the Government's evidence was sufficient to prove beyond a reasonable doubt that the statements made by Currington in his September 23, 2013, interview were material. The Court will address each motion in turn.

Motion for a Judgment of Acquittal

The Court may only enter a judgment of acquittal under Federal Rule of Criminal Procedure 29 if "no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987) (internal quotation marks omitted) (quoting *United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983)). In making this determination, the Court "must view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences." *Id.* (internal quotation marks omitted) (quoting *Campbell*, 702 F.2d at 264).

A person makes a false statement to a federal agent in violation of federal law when: (1) he makes a statement that is false; (2) he knowingly and willfully makes the false statement; (3) the statement is material; and (4) the statement was made in a matter within federal

jurisdiction. 18 U.S.C. § 1001(a)(2). A statement is material if the statement has "a natural tendency to influence" or is "capable of influencing[ ] the decision of the decisionmaking body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (internal quotation marks omitted) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)).

Currington challenges only the materiality element of the false statement charges. At trial, a Deputy Marshal testified that if he had not found online photos of Frank Currington in the Pittsburgh area, he may have redirected his investigation to North Carolina. The Government argued to the jury that Currington's statements were material because the Deputy could have relied on the false answers to direct the investigation to North Carolina.

Currington argues that his statements were not material because no evidence in the record exists to show that he knew where his brother was on the day of the interview, so in fact his brother could have been in North Carolina on that day. Therefore, he says that his statements could have directed the Deputies to search in the right location. The Court disagrees.

The Government sufficiently proved each element of the charges, including the materiality element, to justify the jury's verdict. The Government produced sufficient evidence to show that Ralph Currington knowingly and willfully lied to the Deputies about not having seen his brother in the Pittsburgh area when Currington had seen his brother only nine days before. The Deputy Marshals testified that Currington told them that he had not seen his brother recently, that he had not had contact with his brother recently, and that he was not aware of his brother being in the Pittsburgh area recently. The Government then introduced a photograph of Currington with his brother that had been posted on the Internet eight days before the interview with the Deputies. And the Government also produced sufficient evidence to show that Frank Currington was found in the Pittsburgh area a few days after the interview.

A reasonable juror could conclude from this evidence that Ralph Currington knew his brother was or had recently been in the area and was trying to "misdirect" the agents' investigation by suggesting his brother had not been or was not in the area. *See United States v. Moyer*, 674 F.3d 192, 214 (3d Cir. 2012) (attempting to misdirect an investigation satisfies the materiality element). A reasonable juror could conclude that this attempt to misdirect the investigation was capable of influencing the agents' investigation because of the Deputy's testimony that but for the photograph of Currington and his brother in the Pittsburgh area, the Deputy may have directed the investigation to North Carolina. Therefore, the jury could conclude that the false statements were material.

In summary, the Government's evidence was sufficient to sustain Currington's guilt on each count of conviction. Accordingly, the motion for judgment of acquittal pursuant to Rule 29 will be denied.

Motion for a New Trial

Federal Rule of Criminal Procedure 33(a) provides, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33 motions are not favored and should be "granted sparingly and only in exceptional cases." *Gov't of V.I. v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987). In *United States v. Silveus*, the Court of Appeals for the Third Circuit explained the applicable inquiry:

> Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case. However, even if a district court believes that the jury verdict is contrary to the weight of the evidence, it can order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.

542 F.3d 993, 1004-05 (3d Cir. 2008) (citations omitted).

Currington argues that the Court should grant him a new trial because the verdict is contrary to the weight of the evidence, particularly on the materiality element. The Court is convinced that no miscarriage of justice occurred in this case and that the jury verdict was consistent with the weight of the evidence against Currington.

As explained above, the evidence established that Currington lied about not having seen his brother when he had in fact seen his brother less than ten days before being interviewed by the Deputies. And the close temporal proximity of the picture showing Currington and his brother together in the Pittsburgh area, the interview with Deputies, and his brother's capture in the area suggests that Currington knew his brother was in the area and was trying to throw the Deputies off his brother's trail.

In summary, the verdict is supported by substantial evidence. Accordingly, the motion for a new trial pursuant to Rule 33 will be denied.

Conclusion

For the reasons set forth above, the Court concludes that Ralph Currington is neither entitled to a judgment of acquittal nor a new trial. An appropriate Order follows:

# **ORDER**

AND NOW, this 19th day of August, 2014, it is HEREBY ORDERED that for the reasons set forth in the accompanying memorandum opinion, Defendant Ralph Currington's motions for a judgment of acquittal and for a new trial (ECF No. 51) are **DENIED**.

BY THE COURT:

Date: August 19, 2014　　　　　　　　　　s/ D. Michael Fisher
　　　　　　　　　　　　　　　　　　　　United States Circuit Judge